**Affirmed and Memorandum Opinion filed August 28, 2012.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-12-00027-CR

_____

## EX PARTE CARLOS ALEJANDRO RABAGO

On Appeal from the 212th District Court
Galveston County, Texas
Trial Court Cause No. 94CR1750-83

## MEMORANDUM OPINION

Applicant Carlos Alejandro Rabago appeals the trial court's denial of his post-conviction application for writ of habeas corpus. We affirm.

### Background

Applicant filed an application for writ of habeas corpus under Texas Code of Criminal Procedure Article 11.072 on September 12, 2011. Applicant alleged that he pled "no contest" to the offense of indecency with a child on February 6, 1998, and was placed on deferred adjudication community supervision. He alleged that he successfully completed his deferred adjudication in March 2003 but was deported in August 2004 because of his plea. Applicant stated that he was arrested and charged with the federal offense of illegal re-entry into the United States after he was deported; he is currently in federal custody.

Applicant asked the trial court to vacate his plea to indecency with a child and argued that he was denied effective assistance of counsel because his trial counsel did not advise him of the deportation consequences of his plea as required by *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010). Applicant argued that the immigration law and deportation consequences were clear and his trial counsel was deficient for advising him only that he *may* be deported because of his plea instead of advising him that he *would* be deported because of his plea. He further argued that prejudice resulted from his trial counsel's deficiency because applicant "would have never pled guilty had he known of the immigration consequences of his plea," and would have insisted on going to trial.

The trial court did not hold an evidentiary hearing on Applicant's application for writ of habeas corpus. The trial court signed the following order on December 12, 2011:

### Findings of Fact and Conclusions of Law without Evidentiary Hearing on Application for Writ of Habeas Corpus

This Trial Court finds that there is no necessity for a fact finding hearing because there is ample evidence in the record to rule on the relief sought. This Trial Court further finds that no controverted previously unresolved [] facts or issues exist which would entitle Applicant to relief, and that Applicant's claim has no legal merit. This Trial Court Recommends relief be denied.

### Order

1. The Trial Court orders the Clerk of this Court to file this Finding and Order, and promptly transmit it with the Writ of Transcript to the Clerk of the Court of Criminal Appeals, Austin, Texas.

2. The Clerk or this Court is further ordered to send a copy of this Finding and Order to the Applicant and the appellate section of the Galveston County Criminal District Attorney's Office.

This language seems to track the requirements of Article 11.07. The trial court signed a second order on December 12, 2011:

### First Amended Findings of Fact and Conclusions of Law without Evidentiary Hearing on Application for Writ of Habeas Corpus

2

This Court finds that there is no necessity for a fact finding hearing because there is ample evidence in the record to rule on the relief sought. This Court further finds that no controverted previously unresolved [] facts or issues exist which would entitle Applicant to relief, and that Applicant's claim has no legal merit.

Order

1. The Relief sought by Applicant is her[e]by DENIED.

Applicant timely appealed the trial court's order contending that the trial court erred by: (1) applying the procedures set out in Article 11.07 of the Texas Code of Criminal Procedure instead of the procedures set out in Article 11.072; (2) failing to hold a hearing before denying habeas relief; and (3) failing to issue appropriate findings of fact and conclusions of law in accordance with Article 11.072 of the Code of Criminal Procedure. The State did not file a brief.

This court issued an abatement order on June 4, 2012 directing the trial court to reduce to writing its findings of fact and conclusions of law on the denial of applicant's application for writ of habeas corpus. In accordance with this court's abatement order, the trial court filed findings of fact and conclusions of law with this court on June 15, 2012. The trial court based its findings on the affidavit of applicant's trial counsel, Roy Quintanilla, stating as follows:

1. [Trial counsel's] affidavit regarding this matter can be found as 'Appendix Four' in the writ application.

2. In the mid 1990's [trial counsel] was a long-time respected member of the legal community in Galveston, Texas. In fact his legal reputation as such that when County-Court-at-Law Number Three was created in Galveston, County, he was appointed to be the judge of the court. He was subsequently elected and re-elected by his fellow citizens.

3. His reputation as an attorney was one of skill and thoroughness. His practice was successful and his services were highly sought.

3

4. In his affidavit [trial counsel], while admitting that the passage of time prevents an absolute and specific memory of the events in question, does recall that the case was a sexual offense. [Trial counsel] says:

> . . . I can say that my general custom and practice for many years as a defense lawyer was to advise non-U.S. citizens, especially ones with a serious felony allegation as [Applicant] was fac[]ing, that the immigration consequences of a conviction, deferred adjudication or probation would be deportation. That same advice would have been given prior to a final hearing date and again on the date of the hearing wherein a defendant also acknowledges and signs plea document's [sic] indicating among other things that they [sic] understood the immigration consequences. In light of my general custom and practice, I believe I would have told [Applicant] the immigration consequences of his plea would be his deportation.

5. [Trial counsel] does recall meeting with [Applicant] in his office on several occasions to discuss his case, including immigration issues and consequences.

6. Obviously, [Applicant's] denial that [trial counsel] ever told him those consequences is self-serving and colored by inability to live within the law.

The trial court further issued conclusions of law:

1. Given [trial counsel's] reputation for legal skill and thoroughness; the seriousness of the crime with which [Applicant] was charged; and [trial counsel's] word as to his practice in this and similar situations; this trial court believes [Applicant] was advised of the deportation consequences of his plea to such a serious offense.

2. There was no ineffective assistance of counsel regarding this matter.

This court reinstated Applicant's appeal on July 2, 2012, and granted Applicant and the State time to file additional briefing. Applicant filed an amended brief; the State filed a brief.

4

## Standard of Review

The standard of review for a trial court's determination on an application for habeas corpus is abuse of discretion. *Ex parte Garcia*, 353 S.W.3d 785, 787 (Tex. Crim. App. 2011). An applicant seeking post-conviction habeas corpus relief has the burden to establish by a preponderance of the evidence that the facts entitle him to relief. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002). This court must review the record "in the light most favorable to the trial court's ruling." *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). "[R]eviewing courts defer to the trial court's . . . factual findings that are supported by the record, even when no witnesses testify and all of the evidence is submitted in written affidavits." *Ex parte Wheeler*, 203 S.W.3d 317, 325-26 (Tex. Crim. App. 2006); *see also Manzi v. State*, 88 S.W.3d 240, 244 (Tex. Crim. App. 2002) (holding that a deferential standard of review of the trial court's resolution of the historical facts from conflicting affidavits was proper).

## Analysis

Applicant raises two issues in his amended appellate brief. In his first issue, Applicant argues that the trial court erred by "not having a hearing under Texas Rule of Criminal Procedure Article 11.072 before denying habeas relief" because he alleged "facts that, if true, might entitle him to relief."

Article 11.072 provides that "the trial court *may* order affidavits, depositions, interrogatories, or a hearing, and may rely on the court's personal recollection." Tex. Code Crim. Proc. Ann. art. 11.072, § 6(b) (Vernon 2011) (emphasis added). The statute's permissive construction means that a hearing is not required. *See Ex parte Davila*, 530 S.W.2d 543, 545 (Tex. Crim. App. 1975); *see also Ex parte Cummins*, 169 S.W.3d 752, 757 (Tex. App.—Fort Worth 2005, no pet.) ("While section 6(b) clearly indicates that in making its determination the trial court *may* order affidavits, depositions, interrogatories, or a hearing, it does not *require* that the trial court do so.").

Applicant nonetheless contends that "the trial court should hold a hearing to determine what advice was given to [Applicant] in this particular case." In his affidavit, trial counsel stated what advice he believed he had given Applicant approximately 13 years ago. Therefore, the affidavit reflects trial counsel's advice and there is no need for the trial court to hold a hearing to "determine what advice was given to [Applicant] in this particular case." Additionally, considering the passage of time and the fact that trial counsel could not review Applicant's file because it was destroyed by Hurricane Ike, a hearing likely would not reveal anything more than what trial counsel already stated in his affidavit.

Applicant also contends that he "has alleged facts, which if true, entitled him to relief" and trial counsel's affidavit was insufficient to support the trial court's denial of his writ of habeas corpus absent an evidentiary hearing. The factual assertions on which Applicant relies were controverted. Further, an evidentiary hearing likely would reveal nothing more about trial counsel's actions and advice than is already reflected in trial counsel's affidavit. In his affidavit, trial counsel stated that he represented Applicant 13 years ago and does not recall all the specifics of his case. Trial counsel also stated that he could not review Applicant's file because it was destroyed by Hurricane Ike.

Accordingly, we overrule Applicant's first issue.[1]

In his second issue, Applicant contends that he established by a preponderance of the evidence that his trial counsel denied him the right to effective assistance of counsel by failing to advise him of the deportation consequences of his plea. Applicant argues that he (1) "declared under the penalty of perjury that [trial] counsel never advised him that his plea would, as opposed to may, result in his deportation;" and (2) "stated that had he 'known the immigration consequences' of his plea, he 'would have never pled guilty.'"

---

[1] In light of our disposition of Applicant's second issue, we need not address Applicant's contention that "it would be proper for this Court to remand this case to the trial court for a hearing" to consider if Applicant established he was prejudiced by his trial counsel's allegedly deficient representation.

To obtain habeas corpus relief on a claim of ineffective assistance of counsel, an Applicant must meet both prongs of the *Strickland*[2] standard: (1) counsel's performance "was deficient; and (2) that a probability exists, sufficient to undermine our confidence in the result, that the outcome would have been different but for counsel['s] deficient performance." *Ex parte Moussazadeh*, 361 S.W.3d 684, 691 (Tex. Crim. App. 2012) (quoting *Ex parte White*, 160 S.W.3d 46, 49 (Tex. Crim. App. 2004)) (alteration in original). The Supreme Court has held that representation is constitutionally deficient if counsel fails to warn a noncitizen client of the certainty of removal when the terms of the relevant immigration statute are "succinct, clear, and explicit." *Padilla*, 130 S. Ct. at 1483. In *Padilla*, the trial attorney's failure to advise the defendant that a consequence of his guilty plea for drug-related charges would be deportation constituted deficient performance. *Id.* The Court did acknowledge that immigration issues are complex, and the certainty of the advice will change with the clarity of the statute. *Id.*

Here, the trial court found that Applicant's trial counsel did properly warn him that deportation was a consequence of a guilty plea. As a general rule, appellate courts must give deference to a trial court's determination of facts, "especially when the trial court's fact findings are based on an evaluation of credibility." *Ex parte Garcia*, 353 S.W.3d at 787. This court will defer to the factual findings of the trial court "even when no witnesses testify and all of the evidence is submitted in written affidavits." *Ex parte Wheeler*, 203 S.W.3d at 326; *see also Ex parte Thompson*, 153 S.W.3d 416, 425 (Tex. Crim. App. 2005) (the court "will defer to the factual findings of the trial judge even when the evidence is submitted by affidavit") (citing *Manzi*, 88 S.W.3d at 242-44)).

Even when affidavits conflict, the trial court may resolve questions of historical facts based upon a credibility determination of the competing affidavits without the need for a live evidentiary hearing. *See Manzi*, 88 S.W.3d at 241; *see also Ex parte Deckard*,

---

[2] *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984) (setting forth the requirements for establishing ineffective assistance of counsel).

No. 05-08-01555-CR, 2009 WL 1887327, at *3 (Tex. App.—Dallas Jun 19, 2009, no pet.) (mem. op., not designated for publication) ("[T]he trial court was not required to believe the self-serving statements contained in the affidavits of appellant and his father, even if uncontroverted.").

As the finder of fact, the trial court was free to disbelieve all of Applicant's testimony, even if that testimony was given by affidavit. *See Ex parte Wheeler*, 203 S.W.3d at 325-26. The trial court disbelieved Applicant's assertion that his trial counsel failed to warn him of the deportation consequences of his plea and stated in its findings of fact: "Obviously, [Applicant's] denial that [trial counsel] ever told him those deportation consequences is self-serving and colored by inability to live within the law."

Furthermore, "[t]here is less leeway in an article 11.072 context to disregard the findings of a trial court" because the trial court is the sole finder of fact in an article 11.072 habeas case. *Ex parte Garcia*, 353 S.W.3d at 788.

Based on trial counsel's affidavit and his reputation as a skilled and thorough attorney, the trial court concluded that trial counsel warned Applicant that deportation was a consequence of a guilty plea as required by *Padilla*. Therefore, we do not disturb the trial court's denial of Applicant's writ of habeas corpus. We overrule Applicant's second issue.

### Conclusion

We affirm the trial court's denial of Applicant's post-conviction application for writ of habeas corpus.

/s/     William J. Boyce
        Justice

Panel consists of Justices Boyce, Christopher, and Jamison.
Do Not Publish — Tex. R. App. P. 47.2(b).